**CASE NO. 24-12604**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

**DERREL L. THOMAS,**

Plaintiff-Appellant,

**-v-**

**MATTHEW BEEBE, DOUGLAS BURKE, AL NIENHUS,**

**RANDAL ORMAN,**

Defendant's-Appellees.

---

# AMENDED BRIEF OF APPELLANT

---

**ON APPEAL FROM THE UNITED STATES DISTRICT**

**FROM THE MIDDLE DISTRICT COURT, TAMPA DIVISION**

**CASE NO. 8:23-CV-01699-MSS-TGW**

---

**CERTIFICATE OF INTERESTED PERSONS**

---

**DERREL L. THOMAS, PRO SE**

**821 MOONLIGHT LANE**

**BROOKSVILLE, FL 34601**

**PHONE NO. 352-238-9730**

## I. CERTIFIED QUESTION PRESENTED

DID THE STATE HAVE PROBABLE CAUSE TO ISSUE AN WARRANT FOR FELONY BATTERY UNDER **F.S. 784.03(2).**

**2.** CAN A MISDEMEANOR DOMESTIC BATTERY CHARGE FIRST OFFENSE, **F.S. 741. 28,** CAN A PERSON BE CONVICTED FOR FELONY BATTERY UNDER A DIFFERENT DESIGNATION **F.S.784.03(2)** CAN THE STATE PROVE FELONY BATTERY **F.S.784.03(2),** WITH OUT A CURRENT MISDEMEANOR BATTERY CHARGE, **F.S.784.03 (1).**

DO THE EVIDENCE OF RECORD SHOW THAT FELONY BATTERY CONVICTION WAS OBTAINED BY FRAUD, PERJURY, OR OTHER CORRUPT MEANS.

**Florida Rule of Appellant Procedure, 9.150(a),**Applicability. On either its own motion or that of a party, the Supreme Court of the United States or a United States court of appeals may certify one or more questions of law to the Supreme Court of Florida if the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.

## CERTIFICATE OF INTERESTED PERSON

Derrel L. Thomas, Pro-se, certifies the following is a list of the person and entities who may have an interest in the outcome of this case:

1. Beebe, Matthew
2. Burke, Douglas
3. Florida Sheriff's Risk Management Fund
4. Hilyard, Bogan & Palmer, P.A.
5. Nienhuis, Al
6. Orman, Randal
7. Palmer, Jr., Bobby G.
8. Scriven, Mary S., U.S. District Judge
9. Starrett, Damon S.
10. Thomas, Derrel L.
11. Wilson, Thomas G., U.S. Magistrate Judge

I hereby certify that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Respectfully submitted,

S/ Derrel L. Thomas, Pro- se

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS....................................C-1

CERTIFIED QUESTION PRESENTED..................................................i

TABLE OF CONTENTS..........................................................ii,iii

TABLE OF CITATION...........................................................iii,iv

STATEMENT OF JURISDICTION..........................................................1

STATEMENT OF THE ISSUES AND FACTS......................................1,2

INTRODUCTION.......................................................................2

STATEMENT OF THE CASE..................................................1,2

ARGUEMENT-1. SEARCHES OF RESIDENCE AFTER DOMESTIC VIOLENCE..........................................................................3

ARUGMENT-II. NO DOMESTIC VIOLENCE EXCEPTION TO THE FOURTH AMENDMENT........................................................3,4

ARGUMENT-III. MR. THOMAS MUST BE CHARGE WITH UNDER THE DOMESTIC VIOLENCE DESIGNATION NOT THE REGULAR BATTERY STATE....................................................4,5

ARGUMENT-IV. FELONY BATTERY UNLAWFUL SENTENCE........5,6

ARGUMENT-V. TAMPA MIDDLE DISTRICT PROCEEDINGS...........6,7

ARGUMENT-VI. FELONY BATTERY IS AN UNLAWFUL SENTENCE..............................................................................7,8

ARGUMENT-VII. MISDEMEANOR BATTERY AND FELONY

BATTERY ARE SEPARATE OFFENSES..........................................8-10

CONCLUSION........................................................................10

CERTIFICATE OF COMPLIANCE..................................................10,11

CERTIFICATE OF SERVICE..........................................................12

REDACTION REQUIREMENT........................................................13

TABLE OF CITATIONS

ALBERT NARVAEZ v. STATE OF FLORIDA, CASE NO.

4D20-245....................................................................................5

ALLEYNE v. UNITED STATES, 570 U.S. 99 (2003)................................6

BETHEA v. STATE, 319 So. 3d 666, 668 (FLA. 4th DCA 2021)............5,6

GAYMON v. STATE, 288 So. 3d 1087, 1092 (FLA. 2020)........................6

GEORGIA v. RANDOLPH, 547 U.S. 103, 118 (2006)...............................3

STATE v. AGEE, 622 So. 2d 473 (1993).................................................8

STATE v. MERCER, 112 So 3d 523 (FLA. 2nd DCA 2013).......................8

STATE v. THOMAS, CASE NO. 2020-CF-000521, HERNANDO

STATE v. THOMAS, CASE NO. 2020-MM-000707, HERNANDO

COUNTY COURT..........................................................................6,7

COUNTY CIRCUIT COURT(MAY 7, 2020).......................................6,7

STATE v. THOMAS, CASE NO. 2020-MM-000709, HERNANDO

COUNTY COURT(MARCH 9, 2020)..................................................4,7

STATE v. WOODRUFF, 676, So. 2d 975(1996)................................2,8-10

WILSON v. RENFROE, 91,So. 2d 857, 859(FLA. 1957)..........................7

UNITED STATES v. BLACK, 482, 486 F. 3d 1239, 1244

(9th Cir. 2007)....................................................................................4

UNITED STATES v. DAVIS, 290 F. 3d 1239, 1244 (10th Cir.2002)...........4

STATUES

28 U.S.C. & 1291..........................................................................1

28 U.S.C. & 1294..........................................................................1

28 U.S.C. & 1331..........................................................................1

28 U.S.C. & 1337..........................................................................1

28 U.S.C. & 1637..........................................................................1

28 U.S.C. & 2253(a).......................................................................1

F.S.741. 28...................................................................................4

F.S. 741(28(2).........................................................................4,5

F.S. 784. 03(1)......................................................................1,2,5,9

F.S. 784. 03(2)......................................................................1,2,5,9

RULES

ELEVENTH CIRCUIT COURT RULE 32-1...........................................10

FED. R. OF. APP. P. 32(a)(5)...........................................................11

FED. R. OF. APP. P. 32(a)(6)...........................................................11

FED. R. OF. APP. P. 32(f)...............................................................10

FED. R. OF. APP. P. 37(A)(7)(B)(ii).................................................10

## II. STATEMENT OF JURISDICTION

Jurisdiction for this **& 1983** proceeding was proper in the United States District Court for the Middle District of Tampa Florida under **28 U.S.C. & 1331**, because Mr. Thomas's claims arise under the Constitution and laws of the United States. The District Court also have supplemental jurisdiction pursuant to **28 U.S.C. & 1637(a),** to adjudicate Mr. Thomas's state law claims, which are related to and form part of the same controversy created by Appellee's ongoing violations of the Constitution and the laws of the United States. Further, Mr. Thomas claims do not involved a novel or complex interpretation of Florida law, nor do they predominate over Mr. Thomas federal claims. See **28 U.S.C. 1337(c),** The District Court entered final judgment aganist petitoner as to all claims except one, trespassing, on August 11, 2024. Mr. Thomas filed a timely Notice of Appeal. Jurisdiction in this Court is proper under **28 U.S.C. && 1291**, **1294 (1)**, and **2253(a).**

## III. STATEMENT OF THE ISSUES AND FACTS

THE FACT FINDING OF THE DISTRICT COURT IS CLEARLY ERRONEOUS UNDER **Fed R. Civ. P.(52)(a)**. THE DISTRICT COURT DID NOT SITE ONE CASE LAW THAT A NOLLE PROSEQUI OF THE MISDEMEANOR BATTERY CHARGE, **F.S. 784.03(1)** IS A SEPARATE OFFENSE THAN FELONY BATTERY, **784.03(2)**, THEY ARE SEP-ARATE OFFENSES, THE FLORIDA SUPREME COURT SAYS THEY

ARE.

**STATE V. WOODRUFF, 676 So. 2d 975(1996)**, THE FLORIDA SUPREME COURT SAYS THE STATE CANNOT PROVE FELONY BATTERY **F.S.784.03(2)**, WITHOUT A CURRENT MISDEMEANOR BATTERY CHARGE **784.03(1)**.

## IV. INTRODUCTION

This case is an manifest of injustice from start to finish, this Case on appeal pretains to one argument from the District Court Tampa Fla. , is a misdemeanor battery a separate offense from felony battery, the Florida Supreme Court says they are separate offenses.

## V. STATEMENT OF THE CASE

This case begins with an unlawful entry into Mr. Thomas home by Defendant's after being told to leave for domestic battery. On March 5, 2020, deputies was dispatch to my home by my wife at that time, we were going through a divorced, because i would not give here the keys to my car, in which is registered and titled in my name alone. The first time Defendants arrived they said it was a civil matter and left. My wife called a locksmith to make keys to my car, Mr. Thomas told the locksmith to get off my property. My wife at the time called the Defendants a second time, Mr. Thomas went out the door and told the locksmith and the Defendants to get off my property, Mr. Thomas left my wife, locksmith and the Defendants out the door and went back into house, 15 minutes later the Defendants came through my

front door through the laundry into my garage and arrested me for battery.

## ARGUMENT I.

## SEARCHES OF A RESIDENCE AFTER DOMESTIC VIOLENCE

The Supreme Court wrote about community caretaking and domestic violence by stating, No question has been raised, or reasonably could be, about the authority of the police to enter a dwelling to protect a resident fro domestic violence; so long as they have good reason to believe such a threat exist, it would be silly to suggest that the police would commit a tort [a civil wrong] by entering, say, to give a complaining tenant the opportunity to coll ect belongings and get out safely, or determine whether violence[or threat of violence] has just occurred or is about to(or soon will) occur? **Georgia v. Randolph, 547 U.S. 103, 118 (2006).**( Note; the called was not for dome- stic violence, as stated above, the victim was outside with the police, Mr. Thomas was inside of the home alone, this is an unlawful entry on the face of record).

## ARGUMENT II

## NO DOMESTIC VIOLENCE EXCEPTION TO THE FOURTH AMENDMENT

Defendants stated in its Motion to Dismiss, even if it was a warrantless arrest for a misdemeanor charge, there are still exceptions to the rule, such as whether the crime was committed in the presence of law enforcement

officers, or if the crime committed was an act of domestic violence.**(App. Doc.10,P.24).**

It is important to recognize that there is no domestic violence exception to the Fourth Amendment. **See United States v. Black, 482, 482 F. 3d 1239, 1244(9th Cir. 2007)**( we have stopped short of holding that domestic abuse cases create a per se extigent need for warrantless entry) quoting **Brooks, 367 F. 3d at 1136); United States v. Davis, 290 F. 3d 1239, 1244(10th Cir. 2002)**( declining to grant), unfettered permission to officers to enter homes, based only upon a general assumption domestic calls are always dangerous)(emphasis in original).

## ARGUMENT III

## STATE COURT PROCEEDINGS FOR FELONY BATTERY WAS BASED ON FRAUD, PERJURY OR OTHER CORRUPT MEANS

Mr Thomas was arrested in **Case No. 2020-MM-709(Supp.App.P.13-15),** the arrest report states, the victim stated that she and the defendant are also in the process of going through a divorce.**(Supp.App.P.14),** the designation is domestic violence under **F.S. 741. 28,** which states,**(2)** Domestic violence means any assault, aggravated assault, **battery,** aggravated battery, sexual assault, stalking, aggravated stalking, kidnapping, false imprisonment or any criminal offense resulting in physical injury or death of one **family or household member.(3)** Family or household member, means

**spouses or former spouses,** person related to by blood or marriage etc.

Mr. Thomas was arrested under **F.S. 784.03(1) battery,(Supp.App.P.13-15)**this battery charge was enhanced to **felony battery, F. S. 784.03(2) (Supp.App.P.30),** and convicted under **F.S.784.03(2)(Supp.App.P.28).**

## ARGUMENT IV

## MR. THOMAS MUST BE CHARGED UNDER THE DOMESTIC VIOLENCE DESIGNATION NOT THE REGULAR BATTERY STATUE

**See <u>Albert Narvaez v. State of Florida</u>, Case No. 4D20-245,** the jury received the jury instruction for the Battery (Domestic) charge titled **F.S. 784.03,** referring to the general battery statue. The instruction stated, to prove the crime of battery, the State must prove the following element beyond a reasonable doubt: [appellant] actually and intentionally touched or struck [the victim] against her will. Neither party objected to the final jury instructions. The jury found Appellant guilty on all counts, including Battery (Domestic). For a battery to be considered under the domestic violence statue, it must result in the physical injury or death of **one family or household member by another family** or household member. **& 741.28(2).** A domestic violence designation under **section. 741.28(2)** tiggers mnadatory minimum sentences under **section 741.283. <u>Bethea v. State.</u> 319 So. 3d 666, 668 (Fla. 4th DCA 2021).**(not felony battery under F.S 784.03(2).

In **<u>Bethea,</u>** the defendant was similary charged with Battery(Domestic), an

the jury instructions also did not mention the domestic violence statue. **Id. at 668-69.** In that case, we found that the **Supreme Court's** decision in **Alleyne v. United States, 570 U.S. 99(2013),** applied to the domestic violence designation in that case. **Bethea, 319 3d at 669-70.** there we concluded that **defendant was sentence to misdemeanor battery , not domestic battery,the defendant is entitled to be resentencing,** because the jury did not make a finding regarding domestic violence. **Id. at 666-68.** On remand, we instructed the trial court to enter an amended judgment of conviction and probation order without the domestic violence designation, if the State no longer sought that finding. **Id. at 669.** In the alternative, if the State intended to pursue the original charge, the trial court could elect to empanal a jury to make a finding of domestic violence. **Id, ; see Gaymon v. State, 288 So. 3d 1087, 1092(Fla. 2020).**( Felony battery **F.S 784.03(2)**, is a nonexistent crime, and this is an unlawful sentence on the face of records).

## ARGUMENT V

## TAMPA MIDDLE DISTRICT PROCEEDINGS

The District Court takes judicial notice of the record in the misdemeanor battery case and the subsequent felony proceeding, sua sponte. **State v. Thomas, Case No.-2020-MM-000707(Fla. Hernando Cnty. Ct. March 9, 2020), State v. Thomas, Case No. 2020-CF-000521(Fla. 5th Cir. Ct. March 30, 2020).** The case records show the State of Attorney entered a notice of **nolle prosequi** in the misdemeanor case and sub-

dequently pursued a felony battery charge against Plaintiff, which was resol ved when Plaintiff entered a plea **nolo contendere. See Thomas, Case No. 2020-CF0000521.** The Court, therefore, determines Plaintiff pled nolo contendere to a charge of felony battery which arose out of his arrest by Defend ants Beebe and Burke.**( App. Doc. 36. P. 38).**( This is clear error on the face of records, the District Court have not cited one case law that would solidify its position).

## ARGUMENT VI

## FELONY BATTERY IS AN UNLAWFUL SENTENCE

**Case No. 2020-MM-000707,** is a nolle prosequi on a violation of pretrial release, **(Supp.App.P.24), Case No. 2020-MM-000709,** in the nolle prosequi on the misdemenor battery charge**( Supp. App. P. 16).** A nolle prosequi is a procedure from the common law and operates to terminate a criminal case where the defendant has already been charge, the misdemeanor battery has been dismissed. **See Wilson v. Renfroe, 91 So. 2d 857, 859 (Fla.1957).(Case No. 2020MM-709, has been sealed)?**

Judge Scriven stated, the same facts arose from the felony battery proceeding as the misdemeanor battery proceeding.**(Supp.App. Doc.41,P.29),** without cited not one case law that will solidify her position. This the law, a misdemeanor battery and felony battery **are two different charges with different elements, the filing of felony battery in circuit court based on the same conduct is insufficient to keep the misdemeanor viable. State**

**v. Mercer.** The Court explain why the State cannot drop charges on the misdemeanor battery and refile a felony battery charge in the circuit court **based on the same incident without refiling the misdemeanor with the felony.** The Court based it decision in the **Florida Supreme Court Case State v. Agee, 622 So. 2d 473(1993),** stating that when the State enters a nolle prosequi, the speedy trial period continues to run and **the State may not refile charges based on the same conduct after the speedy trial time expires for the misdemeanor.**(meaning, when the State nolle prosequi misdemeanor battery charge**(Supp.App.P.16),** the State cannot refile the felony battery charge**(Supp.App.P.30),** because the felony battery charge is based on the same incident as the misdemeanor battery charge, this is an ill-egal sentence on the face of records).Therefore, once the speedy trial time expires for the misdemeanor, it cannot be resurreted, **so it must be included in the felony information.**( this is the law).

**ARGUMENT VII**

**MISDEMEANOR BATTERY AND FELONY BATTERY ARE SEPARATE OFFENSES**

**The Florida Supreme Court in State v. Woodruff, 676 So. 2d 975 (1996).** The Court stated, felony DUI requires proof of an additional element that misdemeanor DUI does not. Felony DUI is therefore a completely separate offense from misdemeanor DUI, not simply a penalty enhancement, the principal of estoppel did not work to bar prosecution of the felony DUI

offense. **The Court stated, the reason Woodruff, prevails in this case, the State nolle prosequi the misdemeanor DUI tickets, it would be impossible for the State to prove felony DUI without a current misdemeanor DUI.**

Mr. Thomas was Charge under **F.S.784.03, Battery; Felony battery, (1)(a).** The offense of battery occurs when a person:(1)Actually and intentionally touches or strikes another person against the will of the other; or **(2)** Intentionally causes bobily harm to another person.**(b) Except as provided in subsection(2) or subsection(3), a person who commits battery commits a misdemeanor of the first degree.**(two different offenses).

Mr. Thomas was convicted under **F.S. 784.03(2), Felony Battery,(Supp. App.P.28),** A person who has **one prior conviction for battery,** aggravated battery, or felony battery **and who commits any second or subsequent battery** commits a felony of the third degree. **Subsequent is define as** an event that has taken place(**which is a prior battery charge),** after another event(**which is a current battery charge),** Black's Law Dictionary 2nd **Misdemeanor battery** requires actually and intentionally touches or strikes against another person will, **Felony battery** requires one prior battery and a current battery charge, Felony battery requires proof of additional elements that misdemeanor battery does not. Felony battery is therefore a separate offense from misdemeanor battery, not simply a penalty enhancement. **See Woodruff.**( Misdemeanor battery is a separate offense from felony battery

the **Florida Supreme Court says it is).**(State cannot prove the felony).

## CONCLUSION

The District Court of Tampa Florida, had all this case law in front of it, just totally disregarded the law, this is Judge Wilson doing, he does not follow the law, this is his recommendation.

What is the use of the United States Constitution and the laws of the State Florida, if the Courts does not abide by it. I ask this honorable Court to fixed this manifest if injustice and order the District Court to let to rule on the merits of the complaint, because misdemeanor battery is a separate offense from felony battery. Mr. Thomas Filed an Motion in the District Court for a change of venue**(App.Doc.48,P.8)**, this motion has nothing to do what's pending on appeal, i will not received a far hearing in the Tampa Division, Mr. Thomas ask to Court to order the District Court to rule on my motion, to all pending cases and future cases. This was not a misapplication of the law by the District Court, this was a totally disregard of the law, they knew what they were doing was wrong.

## CERTIFICATE OF COMPLIANCE

**1.** This brief complies with the type- volume limits of Federal Rule of App-ellate Procedure **32(a)(7)(B)(ii),** because, excluding the parts of the brief exemted by Federal Rule of Appellate Procedure **32(f)** and the Eleventh

Circuit **Rule 32-1,** this brief contains 224 lines.

**2.** This brief complies with the typeface and type-style requirements of Federal Rules of Appellant Procedure **32(a)(5)** and **32(a)(6)**, because this brief has been prepared in a proportionally spaced type face using 14-point New Roman.

**S/ Derrel L. Thomas**

**CERTIFICATE OF SERVICE**

I CERTIFY that on December 2, 2024, I electronically filed this brief with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all parties in the case who are registered through CM/ECF.

**S/Derrel L. Thomas**

**REDACTION REQUIREMENT**

**DERREL L. THOMAS, 8216**

**MINOR CHILDREN; D.T. 2007; D.T. 2009**

**CHECKING ACCOUNT; 5858**

**SAVING ACCOUNT; 4037**